```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

DAVID ALLEN MINOR,

    Plaintiff,

v.                                Civil Action No. 5:06CV102
                                                   (STAMP)
RITCHIE COUNTY COURTS,
WV REGIONAL JAIL AUTHORITY,
GEORGE TRENT, North Central
Regional Jail Administrator,
PRIME CARE,
DOLLY GRAHAM, Head Nurse,
Potomac Highlands Medical Department
and DR. JOE, Practitioner at
Potomac Highlands Regional Jail,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On August 22, 2006, pro se plaintiff, David Minor, filed a civil rights complaint against the above-named defendants. In his complaint, the plaintiff asserts that the Ritchie County sentencing court "granted" him medical treatment but neglected to indicate that in the sentencing order. The plaintiff asserts that he was therefore denied medical treatment by the WV Regional Jail Authority ("WVRJA"). The plaintiff also contends that when he reported this denial to George Trent, the administrator of the North Central Regional Jail, he was transferred to Potomac Highlands Regional Jail ("PHRJ") in retaliation for reporting his grievances. Finally, the plaintiff alleges that following transfer

to PHRJ he was denied medical treatment by Prime Care, Dolly Graham and Dr. Joe.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.02 and 28 U.S.C. §§ 1915(e) and 1915A. On November 17, 2006, Magistrate Judge Kaull issued a report recommending that the plaintiff's complaint be dismissed with prejudice as to Ritchie County Courts, WVRJA, Prime Care and George Trent and that the complaint be dismissed without prejudice as to Dolly Graham and Dr. Joe. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. To date, no objections have been filed.

## II. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

A.  <u>Claims Against Ritchie County Courts, WVRJA and Prime Care</u>

This Court finds no clear error in the magistrate judge's recommendation that the plaintiff's complaint as to Ritchie County Courts, WVRJA and Prime Care should be dismissed with prejudice. Title 42, United States Code, Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of State law. Neither Ritchie County Courts, WVRJA, nor Prime Care constitute a "person" for the purposes of 42 U.S.C. § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989)(holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under §1983"); <u>see also</u> <u>Roach v. Burch</u>, 825 F. Supp. 116 (N.D. W. Va. 1993)(the WVRJA is "in effect the State of West Virginia" and is not a person under § 1983). Therefore, this Court must affirm the magistrate judge's conclusion that the Ritchie County Courts, the WVRJA and Prime Care are not proper parties to this action.

B.  <u>Claim Against George Trent</u>

This Court finds no clear error in the magistrate judge's recommendation that the plaintiff's claim against George Trent, the administrator of the North Central Regional Jail, be dismissed with prejudice. In his complaint, the plaintiff asserts that he was transferred in retaliation for filing administrative grievances. A prisoner may state a claim of retaliatory transfer if the decision to transfer him was based on the inmate's exercise of a

3

constitutionally protected right. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "A claim of retaliation that fails to implicate any constitutional right 'lacks even an arguable basis in law,' and is properly subject to dismissal . . ." Id. (internal citations omitted). Because inmates do not have a constitutionally protected right to participate in grievance procedures, id., the plaintiff fails to state a claim for retaliatory transfer against George Trent.

C.  Claims Against Dolly Graham and Dr. Joe

This Court finds no clear error in the magistrate judge's recommendation that the plaintiff's claims against Dolly Graham and Dr. Joe be dismissed without prejudice. The plaintiff asserts that Dolly Graham, R.N. and Dr. Joe refused him medical treatment and that Dr. Joe refused to perform surgery on him.

To establish that a health care provider's actions constitute indifference to a serious medical need, "the treatment, [or lack thereof] must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnoses or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when

4

"government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F. Supp. 2d 321, 341 (D.P.R. 2004)(citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)). A serious medical condition exists if: (1) it has been diagnosed by a physician as mandating treatment or (2) it is so obvious that even a lay person would recognize that medical treatment is warranted. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991).

In this civil action, the plaintiff has not alleged that he has a serious medical condition and does not expressly state how Dolly Graham or Dr. Joe were indifferent to his medical needs. Accordingly, the magistrate judge's conclusion that the plaintiff's claims against Dolly Graham and Dr. Joe are insufficiently pled is not clearly erroneous and those claims should be dismissed without prejudice for failure to state a claim.

### III. Conclusion

Because the plaintiff has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly

erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons stated above, the plaintiff's claims against Ritchie County Courts, WV Regional Jail Authority, Prime Care, and George Trent are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim.  Further, the plaintiff's claims against Dolly Graham and Dr. Joe are DISMISSED WITHOUT PREJUDICE 28 U.S.C. §§ 1915A and 1915(e)for failure to state a claim.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 5, 2007

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE